No. 94-573

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

     Plaintiff and Respondent,

-vs-

MARY THILL ENGLEHARDT,

     Defendant and Appellant.

FILED

APR 11 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twelfth Judicial District,
In and for the County of Chouteau,
The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Stephen C. Moses, Attorney at Law, Billings,
Montana

     For Respondent:

          Hon. Joseph P. Mazurek, Attorney General; Cregg W.
Coughlin, Ass't Attorney General, Helena, Montana

          Allin H. Cheetham, Chouteau County Attorney, Fort
Benton, Montana

Submitted on Briefs:  March 16, 1995

Decided:  April 11, 1995

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Mary Thill Engelhardt (Engelhardt) appeals from a jury verdict of guilty on charges of tampering with evidence and criminal possession of drug paraphernalia and from the judgment entered thereon by the Twelfth Judicial District Court, Chouteau County. We affirm.

The issue is whether the District Court abused its discretion in denying Engelhardt's motion to dismiss, or for a directed verdict on, both charges for which she ultimately was found guilty by a jury.

During the evening hours of March 5, 1994, Engelhardt was travelling between Great Falls and Havre, Montana, in a pickup truck being driven by her husband. Officer Larry Henke of the Montana Highway Patrol stopped the vehicle for exceeding the speed limit. When Officer Henke requested the registration and proof of insurance for the vehicle, Engelhardt began looking for the items in the glove box. Observed by Officer Henke, she pulled a marijuana pipe from the glove box, then put it down by her side out of the officer's view.

Officer Henke had Engelhardt's husband step to the rear of the vehicle. Engelhardt also exited the truck. In response to two inquiries from Officer Henke regarding the whereabouts of the pipe, Engelhardt indicated that she did not know what the officer was talking about. A search of Engelhardt for the pipe produced no results. When Officer Henke searched the cab of the truck for the pipe, he discovered items which later tested positive for the

2

presence of cocaine.

Engelhardt was arrested, advised of her rights and interviewed by Officer Henke. While she initially denied knowledge of the pipe, she ultimately admitted that she removed the pipe from the glove box and threw it when she exited the truck. Another officer subsequently found the pipe some fifteen to twenty feet from where the truck had been stopped.

The State of Montana (State) charged Engelhardt with three criminal offenses. Count I alleged criminal possession of dangerous drugs, a felony, based on the items found in the truck cab which tested positive for cocaine. Count II alleged tampering with evidence, a felony, based on Engelhardt's throwing the marijuana pipe. Count III alleged criminal possession of drug paraphernalia, a misdemeanor, based on Engelhardt's possession of the pipe.

A jury trial was held on August 1 and 2, 1994. The District Court dismissed Count I, criminal possession of dangerous drugs, during the State's case. At the end of the State's case, Engelhardt moved for dismissal of the tampering and paraphernalia charges on the basis that there was insufficient evidence to go to the jury on either charge. The court denied the motion and the jury found Engelhardt guilty of both the tampering and paraphernalia charges. Sentence and judgment were entered and Engelhardt appeals.

It is well-settled that "[t]he decision whether to direct a verdict of acquittal lies within the sound discretion of the trial

3

court and will not be disturbed absent an abuse of that discretion." State v. Moore (Mont. 1994), 885 P.2d 457, 484, 51 St.Rep. 1151, 1170-71. A motion for a directed verdict should be granted only when there is no evidence to support a guilty verdict. Moore, 885 P.2d at 484. We review the denial of such a motion to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Moore, 885 P.2d at 484; quoting State v. Mergenthaler (1994), 263 Mont. 198, 203, 868 P.2d 560, 562. We address the paraphernalia charge first, followed by the tampering charge.

In pertinent part, § 45-10-103, MCA, defines the offense of criminal possession of drug paraphernalia as possession with intent to use drug paraphernalia to ingest or inhale a dangerous drug into the human body. It is undisputed in this case that the pipe was "drug paraphernalia" under the statute.

Engelhardt's oral motion to dismiss this charge was premised on several arguments related to the "possession" element of the offense. Reiterating those arguments here, Engelhardt argues that she did not knowingly have possession of the pipe because she had neither possession of, nor an ownership interest in, the truck. This argument is totally without merit under the facts of this case where Engelhardt's possession of the pipe was actual, not constructive. Indeed, the evidence that Engelhardt actually had the pipe in her physical possession after removing it from the glove box is undisputed.

4

Engelhardt also contends--relying on the definition of possession contained in § 45-2-101(52), MCA, as "knowing control of anything for a sufficient time to be able to terminate control"-- that she did not criminally possess the pipe because she terminated her control over it. In this regard, we need note only that evidence was presented about the time span during which Engelhardt had the pipe in her possession and the jury was instructed on the applicable law. It was within the province of the jury to weigh the evidence and the witnesses' credibility and determine whether the State proved beyond a reasonable doubt that Engelhardt had sufficient possession of the pipe under the applicable law.

Finally, Engelhardt argues that the State did not present sufficient evidence or, indeed, any evidence at all, to support the "intent to use" element of the paraphernalia offense as charged. The transcript of Engelhardt's motion to dismiss does not include any mention of this argument; the motion was limited to the "possession" element of the offense. We will not address this issue raised for the first time on appeal.

We conclude that the District Court did not abuse its discretion in denying Engelhardt's motion to dismiss the criminal possession of drug paraphernalia charge.

Insofar as is relevant here, § 45-7-207, MCA, defines the tampering offense as tampering with physical evidence by destroying, concealing or removing any thing with the purpose of impairing its availability, believing that an official proceeding or investigation is about to be instituted. Engelhardt contended

to the District Court in her motion to dismiss, and contends here on appeal, that there is insufficient evidence to support her knowledge or belief that an investigation regarding the pipe was about to begin and her intent to impair the availability of the pipe in any such investigation. This contention borders on the frivolous.

The evidence presented during the State's case was that Officer Henke stopped the truck and requested the registration and proof of insurance, that Officer Henke's flashlight illuminated the pipe as Engelhardt removed it from the glove box, that she slid the pipe to her side away from the officer's view and, thereafter, that she threw it away from the truck when she exited the vehicle. The State's evidence also indicated that Engelhardt initially denied knowing what Officer Henke was talking about when he inquired about the pipe, but admitted during the post-arrest interview that she had removed the pipe from the glove box and was afraid of going to jail. Under this record presented by the State, there was more than sufficient evidence to go to the jury on the tampering charge. Moreover, during her own testimony, Engelhardt admitted knowing what the pipe was and that she threw it away from the truck because she knew it was illegal.

Viewed in any light, and certainly in the light most favorable to the prosecution, the jury was entitled to determine that Engelhardt believed that an investigation regarding the pipe was about to begin. The jury also was entitled to determine that Engelhardt's purpose in throwing the pipe was to impair--indeed, to

6

foreclose--its availability during the investigation. In short, there was sufficient evidence for the trier of fact to determine that the State had proved its tampering charge beyond a reasonable doubt. We conclude, therefore, that the District Court did not abuse its discretion in denying Engelhardt's motion to dismiss the tampering charge.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices